**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **THERESA ALLEN,** | § | |
| **INDIVIDUALLY, and as NEXT** | § | |
| **FRIEND to E.T.A.** | § | |
| **and** | § | |
| **K.T.A.** | § | |
| **Plaintiffs** | § | |
| | § | **CIVIL ACTION NO. 4:11-cv-04170** |
| | § | |
| | § | **JURY TRIAL REQUESTED** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **FAMILY AND PROTECTIVE** | § | |
| **SERVICES, HOWARD BALDWIN,** | § | |
| **YOLANDA ALPOUGH, ADRIAN** | § | |
| **HOMER, STEPHANIE HAMMON,** | § | |
| **IVY CHAMBERS, and UNKNOWN** | § | |
| **COMMISSIONERS, SUPERVISORS** | § | |
| **OR DIRECTORS OF** | § | |
| **YOLANDA ALPOUGH, ADRIAN** | § | |
| **HOMER AND STEPHANIE HAMMON** | § | |
| **Defendants** | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs ask the Court to deny Defendants' Motion to Dismiss.

### A. INTRODUCTION

Plaintiffs in this case are Theresa Allen, E.T.A., a minor, and K.T.A., a minor.

Defendants state in their Motion to Dismiss that "[e]ssentially, Plaintiff Theresa Allen complains that [Defendants} violated *her* rights as the maternal grandmother…. Defendants' Motion at 2. (Emphasis added.) As in the underlying

matter that is the subject of this case, the rights of the children have been ignored. In fact, Theresa Allen is suing for violation of her rights and as Next Friend for the rights of her grandchildren E.T.A. and K.T.A.

Defendants in this case are Texas Department of Family and Protective Services ("DFPS"), Howard Baldwin, Yolanda Alpough, Adrian Homer, Stephanie Hammon, Ivy Chambers, and Unknown Commissioners, Supervisors, or Directors of Yolanda Alpough, Adrian Homer and Stephanie Hammon.

Plaintiffs sued Defendants for their illegal and tortious actions involving the snatching of Allen's grandchildren by agents of DFPS.

In their Original Complaint, Plaintiffs alleged the following causes of action against the following Defendants:

1)   *Unlawful Retaliation Cognizable Under 42 U.S.C. §1983* against Defendants Alpough and Hammon;

2)   *Unlawful Search and Seizure Without Probable Cause by CPS Agents* against Defendants Alpough, Hammon and Chambers;

3)   *Interference with Family Relationships* against Defendants DFPS, Baldwin, Alpough, Homer, Hammon, Chambers and Unknown Defendants;

4)   *Removing Children from Family Custody Without Hearing* against Defendants DFPS, Baldwin, Alpough, Homer, Hammon, Chambers, and Unknown Defendants;

5)   *Intentional Infliction of Emotional Distress* against Defendants Baldwin, Alpough, Homer, Hammon, Chambers, and Unknown Defendants;

6)      *Invasion of Privacy (intrusion on Seclusion) and § 1983 Violation of Zone of Privacy Protected by the United States Constitution Committed by Governmental Agent* against Defendants DFPS, Baldwin, Alpough, Homer, Hammon, Chambers, and Unknown Defendants;

7)      *Negligence* against Defendant DFPS;

8)      *Abuse of Civil Process Under 42 U.S.C. § 1983* against Defendants Baldwin, Alpough, Homer, Hammon, Chambers, and Unknown Defendants;

9)      *Conspiracy* against Defendants DFPS, Baldwin, Alpough, Homer, Hammon, Chambers, and Unknown Defendants; and

10)     *Violation of State Constitution* against all Defendants.

All named Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion "seeks the dismissal of all claims against DFPS and the Individual Defendants in their official capacities, as well as against all parties in Count 1." *Defendants' Motion* at 2.

## B. LEGAL STANDARDS

When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside County Office of Education*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

3

**12(b)(1) Subject Matter Jurisdiction**

A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Mississippi, Inc.  v. City of Madison*, 143 F3d 1006, 1010 (5th Cir. 1998) citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In a motion to dismiss based on lack of subject matter jurisdiction, "the court must accept as true all nonfrivolous allegations of the complaint." *Randall D. Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) citing *McClain v. Panama Canal Com'n,* 834 F.2d 452, 454 (5th Cir. 1987).

Where the challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, and assuming that the plaintiff's federal claim is neither insubstantial, frivolous, nor made solely for the purpose of obtaining jurisdiction, the district court should find that it has jurisdiction over the case and deal with the defendant's challenge as an attack on the merits. *Clark v. Tarrant County, Texas* 798 F.2d 736, 742 (5th Cir. 1986).

**12(b)(6) Failure to state a claim**

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim; it is not a procedure for resolving a contest about the facts or the merits of the case." Wright & Miller, 5A Federal Practice & Procedure: Civil 2d § 1356(West 1990) as quoted in *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781,786 (5th Cir. 2000). In a motion to dismiss, the allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The complaint must be liberally construed in favor of the plaintiff,

and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982). The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief." Flynn v. CIT Group, 294 Fed.Appx 152, 154 (5th Cir. 2008) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78S.Ct. 99, 2 L.Ed.2d 80 (1957). Under Fed. R. Civ. P. 12(b)(6), "a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief." *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

## C. ARGUMENTS AND AUTHORITIES

### 1.    Claims Against DFPS have been Removed from Plaintiffs' First Amended Complaint

Defendants first assert that all claims directly against DFPS are barred by sovereign immunity. Plaintiffs agree, and the agency has been removed as a Defendant in Plaintiffs' First Amended Complaint.

DFPS' inclusion as a defendant in the Conspiracy cause of action was a drafting error. It was not Plaintiffs' intention to include a state agency as a conspirator, as made obvious by the description that the defendants acted in their official and individual capacities, and by sections (a) through (d) of that cause of action, which do not list any actions taken by Defendant DFPS. Plaintiffs' Original Complaint at 25. It is obvious that a bureaucratic agency

cannot engage in the act of conspiracy, and the drafting error has been corrected in Plaintiffs' First Amended Complaint.

Further, Plaintiffs agree that the Defendants' violation of Sections 9 and 19 of the Texas Constitution are not actionable by private citizens. Therefore, the cause of action for Violation of the Texas State Constitution has been removed in Plaintiffs' First Amended Complaint.

> **2.    Eleventh Amendment Immunity Does Not Apply to Plaintiffs' Claims Against the Individual Defendants in their Official Capacities**

Plaintiffs have sued the remaining Defendants in their individual and official capacities. Plaintiffs seek money damages against them in their individual capacities, and prospective relief against them in their official capacities.

A state official is a person under §1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989), quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14, 105 S. Ct. 3099, 3106, n. 14. This distinction is "commonplace in sovereign immunity doctrine." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, n. 10, 109 S. Ct. 2304, 2312, n. 10.

Defendants are correct that a suit for damages against a state official in his or her official capacity is barred. Defendant's *Motion* at 8. However, Defendants are incorrect in their assertion that Plaintiffs have in fact sued them for damages in their official capacities. Rather, Plaintiffs have sued Defendants in both their official and individual capacities. *Plaintiffs' First Amended Complaint*, paragraphs 9 and 12. Plaintiffs seek damages against Defendants in their

individual capacities only. Plaintiffs seek only declaratory and injunctive relief against Defendants in their official capacities.  Plaintiffs have clarified this by including all Defendants in paragraph 108 of their *First Amended Complaint*, seeking prospective relief from all Defendants.

Similarly, Defendants' assertion that the Eleventh Amendment precludes state law claims against them in their official capacities is also correct. Defendants' *Motion* at 8. However, Plaintiffs have not made any state law tort claims against Defendants in their official capacities. Rather, Plaintiffs have sued Defendants for various state law claims in their individual capacities only. "The Eleventh Amendment does not bar state-law claims against state officials in their individual capacity." *Hays County Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir. 1992).

### 3.    Defendants are Not Entitled to Qualified Immunity as to Count 1

A plaintiff's claims against a state official must be supported by enough facts to show "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S.C.t 1937, 1949 (2009). It must include more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. 544, 555 (2007).

Defendants assert that Plaintiffs "have utterly failed even to come close to the factual pleading threshold required to establish the Court's jurisdiction over Count 1. Defendants' *Motion* at 11. They claim "no supporting detailed facts establishing either that the Defendants' alleged conduct violated any constitutional right, nor is there any detail establishing how each defendants [sic]

acted in such a way to establish their liability for any asserted constitutional violations." *Id.*

As is clear in Plaintiffs' Original Complaint at paragraphs 29 – 30, Defendant Hammon and Alpough colluded to take Allen's grandchildren ***the very next day*** after they told Allen she would be sorry for going over their heads in her quest to find help for her grandchildren – the very next day, with no change in circumstances, in a case that had been active for just shy of four months. Alpough's own investigative report, reprinted in paragraph 31 of Plaintiffs' Original Complaint, shows that there was no justification for removing the children from Allen's home without a court order. None.

The reason for the illegal removal is clear: Hammon and Alpough were following through on their promise to retaliate against Allen for going over their heads, embarrassing them in front of their superiors.

The above-described actions are clearly a constitutional violation. "The touchstone of due process is the protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed. 2d 935 (1974). Where abusive action by a government agent is alleged, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1716, 140 L.Ed. 2d, 1043 (1998). To generate liability, executive action must be so ill-conceived or malicious that it "shocks the conscience." *Miller v. City of Philadelphia*, 174 F.3d 368, 375 quoting *Sacramento* at 1717.

"The exact degree of wrongfulness necessary to reach the "conscience-shocking" level depends upon the circumstances of a particular case." *Miller* at 375. For Defendants Hammon and Alpough to use the power of the State to snatch small children from their loving grandmother - for no other reason than to retaliate against her for embarrassing them in front of their supervisor - surely rises to the level of "conscience shocking."

Plaintiffs have clearly made a valid claim for Unlawful Retaliation, but in an abundance of caution have added specificity to the facts supporting this cause of action in their First Amended Complaint.

## C. CONCLUSION

Because this Court has jurisdiction over Plaintiffs' claims, and Plaintiffs stated a claim on which relief can be granted, the Court should deny Defendants' motion and retain the case on the Court's docket. In the alternative, Plaintiffs request leave of Court to amend their pleadings.

Respectfully Submitted,

By: S/
CHRIS BRANSON
Texas Bar No.: 24009914
Southern Dist. of Texas Bar No.: 24128
5380 West 34th Street #221
Houston, Texas 77092
Tel: (832) 794-3338

9

Fax: (713) 290-1717
ATTORNEY IN CHARGE FOR
PLAINTIFF THERESA ALLEN


By: S/
STEVEN D. POOCK
Texas Bar No.: 00794473
Southern Dist. of Texas Bar No.: 20774
P. O. Box 984
Sugar Land, Texas 77487
Tel: (281) 2777678
Fax: (281) 277-7679
ATTORNEY IN CHARGE FOR
PLAINTIFF E.T.A.


By: S/
TOM SANDERS
Texas Bar No.: 17609900
Southern Dist. of Texas Bar No.: 9735
P. O. Box 1860
Sugar Land, Texas 77478
Tel: (281) 242-9700
Fax: (281) 242-8340
ATTORNEY IN CHARGE FOR
PLAINTIFF K.T.A.


## CERTIFICATE OF SERVICE

All defendants are represented by attorney Timothy E. Bray, Assistant Attorney General for the State of Texas. Service was accomplished in compliance with Federal Rule of Civil Procedure 5(b) this February 21, 2012.


S/
Chris Branson

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **THERESA ALLEN,** | § | |
| **INDIVIDUALLY, and as NEXT** | § | |
| **FRIEND to E.T.A.** | § | |
| **and** | § | |
| **K.T.A.** | § | |
| **Plaintiffs** | § | |
| | § | **CIVIL ACTION NO. 4:11-cv-04170** |
| | § | |
| | § | **JURY TRIAL REQUESTED** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **FAMILY AND PROTECTIVE** | § | |
| **SERVICES, HOWARD BALDWIN,** | § | |
| **YOLANDA ALPOUGH, ADRIAN** | § | |
| **HOMER, STEPHANIE HAMMON,** | § | |
| **IVY CHAMBERS, and UNKNOWN** | § | |
| **COMMISSIONERS, SUPERVISORS** | § | |
| **OR DIRECTORS OF** | § | |
| **YOLANDA ALPOUGH, ADRIAN** | § | |
| **HOMER AND STEPHANIE HAMMON** | § | |
| **Defendants** | § | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

After considering Defendants' Motion to Dismiss, the Court

       **DENIES** the motion, **GRANTS** Plaintiffs' request for leave to amend their

pleadings, and **ORDERS** Plaintiffs to file an amended complaint no later than

_____, 2012.