IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THERESA ALLEN, § <br> INDIVIDUALLY, and as NEXT § <br> FRIEND to E.T.A. § <br> and § <br> K.T.A. § <br>     Plaintiffs § <br> § <br> § <br> § <br> § <br> § <br> v. § <br> § <br> TEXAS DEPARTMENT OF § <br> FAMILY AND PROTECTIVE § <br> SERVICES, HOWARD BALDWIN, § <br> YOLANDA ALPOUGH, ADRIAN § <br> HOMER, STEPHANIE HAMMON, § <br> IVY CHAMBERS, and UNKNOWN § <br> COMMISSIONERS, SUPERVISORS § <br> OR DIRECTORS OF § <br> YOLANDA ALPOUGH, ADRIAN § <br> HOMER AND STEPHANIE HAMMON § <br>     Defendants § | CIVIL ACTION NO. 4:11-cv-04170 <br><br> JURY TRIAL REQUESTED |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   **The meeting was held on January 30, 2012.**

   **Counsel who conferred were:**

   **Chris Branson, attorney for Theresa Allen
   Tom Sanders, attorney for K.T.A.
   Steven Poock, attorney for E.T.A.
   Timothy Bray, attorney for Defendants**

1

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None.**

3. <u>Briefly</u> describe what this case is about

   **This is an action for money damages and for prospective relief against the defendants named above, for violations of federal civil rights law pursuant to 42 U.S.C. §1983 and 1988, the Texas Constitution, and Texas statutory and common law.**

   **In December 2009, Plaintiff Allen's grandchildren (K.T.A. and E.T.A.) were forcibly removed without a court order. Plaintiffs contend that the removal was a violation of law and of their civil rights. Plaintiffs further contend that Defendants fabricated evidence and lied to the court in order to keep the grandchildren from Plaintiff Allen.**

4. Specify the allegation of federal jurisdiction.

   **Based on violations of federal civil rights law pursuant to 42 U.S.C. §§1983 and 1988, federal statutes, and Texas statutory and common law, this court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. §1343, and 28 U.S.C. §1331. Pursuant to the Judicial Improvements Act of 1990 (28 U.S.C. 1367), this court has supplemental jurisdiction over Plaintiff's State Law claims.**

5. Name the parties who disagree and the reasons.

   **No parties disagree with jurisdiction.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **The parties are not aware of any additional parties that need to be added.**

7. List anticipated interventions.

   **None.**

8. Describe class-action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties have not made initial disclosures. The parties agree to make initial disclosures no later than May 25, 2012.**

10. Describe the proposed agreed discovery plan, including

    A. Responses to all the matters raised in Rule 26(f).

       **The parties conferred on January 30, 2012 and discussed the matters raised in Rule 26(f).**

    B. When and whom the plaintiffs anticipate they may send interrogatories.

       **Plaintiffs anticipate sending interrogatories to each Defendant by June 22, 2012.**

    C. When and to whom the Defendants anticipate they may send interrogatories.

       **Defendants anticipate sending interrogatories to each Plaintiff by June 22, 2012.**

    D. Of whom and by when the Plaintiffs anticipate taking oral depositions.

       **Plaintiffs anticipate taking oral depositions of each Defendant, beginning within thirty days after receipt of the initial round of answered written discovery. Plaintiffs anticipate finishing within five months thereafter. Plaintiffs reserve the right to depose witnesses and experts disclosed by Defendants in discovery.**

    E. Of whom and by when Defendants anticipate taking oral depositions.

       **Defendants anticipate taking oral depositions of Plaintiff Theresa Allen, beginning within thirty days after receipt of the initial round of answered written discovery. Defendants anticipate finishing within five months thereafter. Defendants reserve the right to**

>   depose witnesses and experts disclosed by Plaintiffs in discovery.

F. When the Plaintiffs will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing parties will be able to designate responsive experts and provide their reports.

>   **Plaintiffs anticipate designating experts and providing reports required by Rule 26(a)(2)(B) within five months of receipt of the initial round of answered written discovery.**

>   **Defendantss anticipate designating experts and providing reports required by Rule 26(a)(2)(B) within five months of receipt of the initial round of answered written discovery.**

G. List expert depositions the Plaintiffs anticipate taking and their anticipated completion date.

>   **Plaintiffs anticipate taking depositions of experts regarding attorney's fees, and regarding attachment and bonding issues. Plaintiffs anticipate completing these depositions within five months of receipt of the initial round of answered written discovery.**

H. List expert depositions Defendants anticipate taking and their anticipated completion date.

>   **Defendants do not at this time anticipate taking depositions of experts.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties have agreed.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

4

13. State the date the planned discovery can reasonably be completed.

    **The parties believe discovery can be completed by November 16, 2012.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **None at this time, prior to discovery.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Nothing at this time, prior to discovery.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **It is unlikely that this case can be resolved through ADR. However, Plaintiffs and Defendants are willing to make an effort to do so after some amount of discovery has taken place.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Defendants are opposed to a trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **Plaintiffs demanded a jury trial in a timely manner**.

19. Specify the number of hours it will take to present the evidence in this case.

    **The parties do not know the extent of the evidence to be presented at this time. Plaintiffs believe, as an estimate at this time, that one full week will be required to present their case in chief.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

5

       **None at this time.**

21.    List other motions pending.

       **None.**

22.    Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

       **The Individual Defendants will be asserting Qualified Immunity.**

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

       **The Parties so certify. Plaintiffs filed their Disclosure of Interested Parties on December 27, 2011. Defendants filed their Disclosure on December 29, 2011.**

24.    List the name, bar numbers, addresses and telephone numbers of all counsel.

       **For Plaintiffs:**

       **Chris Branson**
       **Texas Bar No.:  24009914**
       **Southern District of Texas Bar No.:  24128**
       **5380 West 34th Street #221**
       **Houston, Texas 77092**
       **Tel.:  (832) 794-3338**
       **Fax.: (713) 290-1717**
       **ATTORNEY IN CHARGE FOR**
       **PLAINTIFF THERESA ALLEN**

       **STEVEN D. POOCK**
       **Texas Bar No.: 00794473**
       **Southern Dist. of Texas Bar No.: 20774**
       **P. O. Box 984**
       **Sugar Land, Texas 77487**
       **Tel: (281) 2777678**
       **Fax: (281) 277-7679**
       **ATTORNEY IN CHARGE FOR**
       **PLAINTIFF E.T.A**

**TOM SANDERS**
**Texas Bar No.: 17609900**
**Southern Dist. of Texas Bar No.: 9735**
**P. O. Box 1860**
**Sugar Land, Texas 77478**
**Tel: (281) 242-9700**
**Fax: (281) 242-8340**
**ATTORNEY IN CHARGE FOR**
**PLAINTIFF K.T.A.**

**For Defendants:**

**TIMOTHY EARL BRAY**
**Texas Bar No. 24061240**
**Southern Dist. of Texas Bar No. 898728**
**P.O. Box 12548, Capitol Station**
**Austin, Texas 78711-2548**
**Tel: (512) 463-2120**
**Fax: (512) 320-0667**
**ATTORNEY FOR ALL DEFENDANTS**

Respectfully Submitted,

By: /S/
CHRIS BRANSON
Texas Bar No.: 24009914
Southern Dist. of Texas Bar No.: 24128
5380 West 34th Street #221
Houston, Texas 77092
Tel: (832) 794-3338
Fax: (713) 290-1717
ATTORNEY IN CHARGE FOR
PLAINTIFF THERESA ALLEN

By: /S/
STEVEN D. POOCK
Texas Bar No.: 00794473
Southern Dist. of Texas Bar No.: 20774
P. O. Box 984
Sugar Land, Texas 77487
Tel: (281) 2777678
Fax: (281) 277-7679
ATTORNEY IN CHARGE FOR
PLAINTIFF E.T.A.

By: /S/
TOM SANDERS
Texas Bar No.: 17609900
Southern Dist. of Texas Bar No.: 9735
P. O. Box 1860
Sugar Land, Texas 77478
Tel: (281) 242-9700
Fax: (281) 242-8340
ATTORNEY IN CHARGE FOR
PLAINTIFF K.T.A.

By: /S/
TIMOTHY EARL BRAY
Texas Bar No. 24061240
Southern Dist. of Texas Bar No. 898728
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2120
Fax: (512) 320-0667
ATTORNEY FOR ALL DEFENDANTS