IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THERESA ALLEN, INDIVIDUALLY, § <br> AND AS NEXT FRIEND TO ELISHA TYRELL § <br> ALLEN AND KATELYNN TYREAL ALLEN § <br>     PLAINTIFFS, § <br> § <br> V. § <br> § <br> TEXAS DEPARTMENT OF FAMILY AND § <br> PROTECTIVE SERVICES, HOWARD BALDWIN, § <br> YOLANDA ALPOUGH, ADRIAN HOMER, § <br> STEPHANIE HAMMON, IVY CHAMBERS, § <br> AND UNKNOWN COMMISSIONERS, § <br> SUPERVISORS OR DIRECTORS OF § <br> YOLANDA ALPOUGH, ADRIAN HOMER § <br> AND STEPHANIE HAMMON § <br>     DEFENDANTS. § | CIVIL ACTION NO. 4:11-CV-04170 |

_____

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT
_____

TO THE HONORABLE VANESSA GILMORE, United States District Judge:

Now come the Defendants Yolanda Alpough, Adrian Homer, Stephanie Hammon and Ivy Chambers, in their individual capacities,[1] and hereby file their *Answer and Affirmative Defenses* to Plaintiffs' Second Amended Complaint, and in support thereof, would show the Court the following:

**A.**
**ANSWER**

For the Court's benefit, the numbering of this Answer tracks the numbering system used in the Plaintiffs' Second Amended Complaint.

---

[1] Although captioned from an earlier Complaint to include Howard Baldwin, Plaintiffs' Second Amended Complaint names only Yolanda Alpough, Adrian Homer, Stephanie Hammon and Ivy Chambers as Defendant Parties. *See* Plaintiffs' Second Amended Complaint at ¶¶ 4-7. Also, and pursuant to this Court's Order [Doc. 18], all claims against Defendant Texas Department of Family and Protective Services have been dismissed.

## Parties

1-3.  Defendants admit that the children are citizens of the United States. Otherwise, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in these paragraphs, and out of abundance of caution, must therefore deny the same.

4.  Defendants admit the allegations contained in this paragraph.

5.  Defendants admit the allegations contained in this paragraph.

6.  Defendants admit the allegations contained in this paragraph.

7.  Defendants admit the allegations contained in this paragraph.

## Capacity

8.  Defendants admit the allegations contained in this paragraph.

9.  Defendants admit the allegations contained in this paragraph.

## Jurisdiction

10.  The contents of this paragraph are prefatory and do not require a response; however, in the event a response is required, jurisdiction in this Court is admitted.

## Conditions Precedent

11.  Defendants deny the allegations contained in this paragraph.

## Facts

12.  The contents of this paragraph are prefatory and make conclusions of law that are expressly denied by the Defendants.

13.  Defendants admit the allegations contained in this paragraph.

14. Defendants admit the first sentence of this paragraph. Defendants further admit that Renesha and her children were placed in an apartment at the Bonita House of Hope where Renesha could continue her work in a drug rehabilitation program. All other allegations are denied.

15. Defendants admit that Renesha subsequently obtained an apartment, but deny that the children were left with Theresa Allen.

16. Defendants deny that Renesha was "visiting" with the children since the children were living with her in her home. However, Defendants are not presently able to admit or deny any purported discussion between Renesha and Theresa Allen. All other allegations are denied.

17. Defendants are not presently able to admit or deny the allegations contained in the first sentence. Defendants admit that Theresa Allen made a report to Children's Protective Services (CPS), but are unable to admit or deny any purported discussion between Renesha and Theresa Allen.

18. Defendants deny the allegations contained in this paragraph.

19. Defendants deny the allegations as stated and contained in this paragraph.

20. Defendants are not presently able to admit or deny any purported discussion between Renesha and Theresa Allen. Defendants deny that Theresa Allen and Renesha left a message for Defendant Alpough on November 12, 2009.

21. Defendants admit that Ms. Hammon spoke with Theresa Allen, but deny the remaining allegations contained in this paragraph.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants deny that Theresa Allen had not heard from either of Defendants Alpough or Hammon. Furthermore, Defendants are not presently able to admit or deny whether Theresa Allen left a message for Defendant Chambers.

24. Defendants are not presently able to admit or deny the allegations contained in this paragraph.

25. Defendants are not presently able to admit or deny whether Theresa Allen attempted to contact Defendant Chambers. However, Defendants admit that Ms. Hammon spoke with Theresa Allen. The remainder of the allegations in this paragraph are denied.

26. Defendants deny the allegations contained in this paragraph.

27. Defendants admit that the stated paragraphs are from Defendant Alpough's investigative report.

28. Defendants deny the allegations contained in this paragraph.

29. Defendants admit that a minister who Defendant Alpough thought was named "Joe" did come by the home. However, Defendants deny the remaining allegations contained in this paragraph.

30. Defendants admit that Theresa Allen spoke with Ms. Hammon when Defendant Alpough had contacted her. However, Defendants deny the remaining allegations contained in this paragraph.

31. Defendants deny the allegations contained in this paragraph.

32. Defendants are not presently able to admit or deny the allegations in this paragraph.

33. Defendants are not presently able to admit or deny the allegations in this paragraph.

34. Defendants admit that Defendant Alpough spoke with the court clerk. However, Defendants are not presently able to admit or deny what happened after Ms. Alpough left the court room. The remaining allegations in this paragraph are denied.

35. Defendants admit that Theresa Allen spoke with Mr. Castille and with Mr. Dixon. The remaining allegations in this paragraph are denied.

36. Defendants are not able to admit or deny what Theresa Allen does or does not have knowledge of.

37. Defendants admit that Theresa Allen visited with the children, but deny the remaining allegations of this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants admit that Theresa Allen was present for the December 17, 2009, hearing. However, Defendants are not presently able to admit or deny what Theresa Allen purportedly "discovered." Defendants deny that Defendant Alpough fabricated allegations or that a hearing had been held in the Associate Judge's courtroom.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

42. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

43. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

44. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

45. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

46. Defendants admit the allegations contained in this paragraph.

47. Defendants deny the allegations contained in this paragraph.

48. Defendants are not presently able to admit or deny whether Renesha Allen invited Theresa Allen to the permanency conference. However, Defendants admit that Theresa Allen was not admitted into the meeting until Renesha permitted it. The remaining allegations in this paragraph are denied.

49. Defendants admit that Theresa Allen was allowed to join the meeting, but deny the remaining allegations in this paragraph.

50. Defendants deny the allegations contained in this paragraph.

51. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

52. Defendants are not presently able to admit or deny when Theresa Allen learned the results of her drug test. The remaining allegations in this paragraph are denied.

53. Defendants admit that Theresa Allen met with Defendants Chambers, Hammon and Alpough, but deny the remaining allegations in this paragraph.

54. Defendants admit that a Permanency Hearing was held on September 30, 2010, at which CPS representatives advised that the goal for the children was adoption. However, Defendants further respond that the transcript speaks for itself and, therefore, deny the remaining allegations as stated in this paragraph.

55. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

56. Defendants respond that the transcript speaks for itself and, therefore, deny the allegations as stated in this paragraph.

57. Defendants deny that there was a conspiracy to deprive Theresa Allen of her grandchildren. Responding further, Defendants respond that the transcript speaks for itself and, therefore, deny the remaining allegations as stated in this paragraph.

58. Defendants deny the allegations contained in this paragraph.

59. Defendants admit the allegations contained in this paragraph.

60. Defendants admit the allegations contained in this paragraph.

## Causes of Action

61. This paragraph is prefatory and, therefore, does not require a response.

### Count # 1 – Unlawful Retaliation Cognizable Under 42 U.S.C. § 1983

62. Defendants deny the allegations contained in this paragraph.

   A. *Unreasonable search.*

63. Defendants deny the allegations contained in this paragraph.

64. Defendants admit the allegations contained in this paragraph.

65. Defendants deny the allegations contained in this paragraph.

66. Defendants deny the allegations contained in this paragraph.

67. Defendants deny the allegations contained in this paragraph.

   B. *Unreasonable seizure.*

68. Defendants admit the first sentence of this paragraph. The remainder of this paragraph quotes from *Gates v. Tex. Dep't of Protective and Reg. Serv's*, 537 F.3d 404, which speaks for itself and requires no response.

69. Defendants admit the first sentence of this paragraph. The remaining allegations are denied.

70. Defendants deny that Defendant Alpough contacted the police because Theresa Allen refused to consent.

71. Defendants deny the allegations contained in this paragraph.

72. Defendants deny the allegations contained in this paragraph.

73. Defendants deny the allegations contained in this paragraph.

74. The contents of this paragraph assert a legal conclusion to which no response is required.

75. Defendants admit the allegations contained in this paragraph.

76. To the extent Defendants can understand the allegations contained in this paragraph, they are denied.

77. Defendants deny the allegations contained in this paragraph.

78. Defendants deny the allegations contained in this paragraph.

### Count #2 – Interference with Family Relationships

79. Defendants deny the allegations contained in this paragraph.

80. The contents of this paragraph assert a legal conclusion to which no response is required.

### Count #3 – Removing children from Family Custody Without Hearing

81. Defendants deny the allegations contained in this paragraph.

82. The contents of this paragraph assert a legal conclusion to which no response is required.

### Count #4 - §1983 Violation of Zone of Privacy Protected by the United States Constitution Committed by Governmental Agent

83. Defendants deny the allegations contained in this paragraph.

84. Defendants deny the allegations contained in this paragraph.

85. Defendants deny the allegations contained in this paragraph.

86. The contents of this paragraph assert a legal conclusion to which no response is required.

### Count #5 – Abuse of Civil Process Under 42 U.S.C. § 1983

87. Defendants deny as stated the allegations contained in this paragraph.

88. Defendants deny the allegations contained in this paragraph.

88(a).   Defendants deny the allegations contained in this paragraph.

88(b).   Defendants deny the allegations contained in this paragraph.

88(c).   Defendants deny the allegations contained in this paragraph.

88(d).   Defendants deny the allegations contained in this paragraph.

89.   Defendants deny the allegations contained in this paragraph.

90.   Defendants deny the allegations contained in this paragraph.

91.   Defendants deny the allegations contained in this paragraph.

92.   The contents of this paragraph assert a legal conclusion to which no response is required.

## Jury Requested

93.   The Defendants also demand a trial by jury.

## Damages

94.   The Defendants deny each and every allegation made this paragraph, and further deny that Plaintiffs are entitled to damages.

## Attorney's Fees

95.   The contents of this paragraph assert a legal conclusion to which no response is required.

## Prayer for Relief

96.   Defendants deny that Plaintiffs are entitled to a judgment of any damages.

## B.
## DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Defendants assert the following defenses:

1. Defendants raise qualified immunity and official immunity as a bar to Plaintiffs' claims.

2. Defendants raise waiver and equitable estoppel as a bar to Plaintiffs' claims.

3. Defendants raise res judicata, collateral estoppel, claims preclusion and issue preclusion as a bar to Plaintiffs' claims.

4. Defendants raise judicial estoppel as a bar to Plaintiffs' claims.

5. Defendants assert the equitable defenses of laches and unclean hands.

6. Defendants assert the affirmative defense of limitations to the extent that any of Plaintiffs' claims are based upon acts or events which occurred outside of the applicable statute of limitations.

7. Defendants assert that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

8. Defendants assert that they would have taken the same actions complained of in the Second Amended Complaint regardless of any purported retaliatory motivation.

9. Defendants assert that any and all decisions regarding the Plaintiffs were wholly appropriate and would have been taken regardless of the Plaintiffs' alleged complaints.

10. Defendants reserve the right to raise additional defenses that become apparent throughout the factual development of this case.

# C.
# **PRAYER**

FOR THE FOREGOING REASONS, Defendants pray that this Honorable Court enter an Order in favor of the Defendants denying all relief sought by the Plaintiffs against the Defendants, awarding costs of suit to the Defendants, and awarding such other and further relief to the Defendants as the Court may deem appropriate and just in this matter.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


 /s/ Timothy E. Bray
**TIMOTHY EARL BRAY**
Attorney-in-Charge
Texas Bar No. 24061240
Southern District Bar No. 898728
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
Email: tim.bray@oag.state.tx.us

**CERTIFICATE OF FILING AND SERVICE**

   I hereby certify that, on May 29, 2012, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) with the Clerk of the Court of the U.S. District Court for the Southern District of Texas, and that counsel identified below would be advised of and given access to a copy of the filing.

  Mr. Chris Branson
  5380 West 34th Street #221
  Houston, Texas 77092
  Attorney in Charge for Plaintiff Theresa Allen

Additionally, copies were sent via U.S. First Class Mail to:

| | |
|---|---|
| Mr. Steven D. Poock | Mr. Tom Sanders |
| P.O. Box 984 | P.O. Box 1860 |
| Sugar Land, Texas 77487 | Sugar Land, Texas 77478 |
| Attorney in Charge for | Attorney in Charge for |
| Plaintiff Elisha Tyrell Allen | Plaintiff Katelynn Tyrell Allen |

              /s/ Timothy E. Bray
              Timothy E. Bray
              Assistant Attorney General