EXHIBIT "I"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THERESA ALLEN, INDIVIDUALLY, E.T.A by and through Theresa Allen, and K.T.A. by and through Theresa Allen, Plaintiffs | § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:11-CV-04170 JURY TRIAL REQUESTED |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, ET AL. , Defendants | § § § § | |

### DEFENDANT IVY CHAMBERS'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**TO:** Plaintiff Theresa Allen, individually and as next friend to K.T.A. and E.T.A., by and through their attorneys of record: Chris Branson, 5380 West 34th St., #221, Houston, Texas 77092, Steven D. Poock P.O. Box. 984, Sugar Land, Texas 77487, and Tom Sanders P.O. Box. 1860 Sugar Land, Texas 77478.

**COMES NOW**, Defendant, Ivy Chambers, by and through her attorney of record, the Attorney General of the State of Texas, and, pursuant to Federal Rule of Civil Procedure 33, serves her Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendant Ivy Chambers.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

JAMES "BEAU" ECCLES
Division Chief - General Litigation

/s/ Gunnar P. Seaquist
GUNNAR P. SEAQUIST,
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667- facsimile

ATTORNEYS FOR
DEFENDANT CHAMBERS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested on this the 10th day of December, 2012, to:

Chris Branson
5380 West 34th Street #221
Houston, Texas 77092
Attorney in Charge for
Plaintiff Theresa Allen

Tom Sanders
P.O. Box 1860
Sugar Land, Texas 77478
Attorney in Charge for
Plaintiff K.T.A.

Steven D. Poock
P.O. Box 984
Sugar Land, Texas 77487
Attorney in Charge for
Plaintiff E.T.A.

/s/ Gunnar P. Seaquist
GUNNAR P. SEAQUIST
Assistant Attorney General

Defendant also objects that this request is vague and ambiguous in its use of the phrase "led to the decision" to remove, as it is unclear specifically what information is sought. Subject to the foregoing objections, and preserving the same, Defendant responds that the basis for removal may be determined by examining the business records of DFPS relating to the investigation of abuse and neglect, and subsequent removal and placement in foster care, of E.T.A. and K.T.A. See, DFPS 1 - 162, 431 - 54 and 1907 - 1925.

**INTERROGATORY 9:** Describe the training you have received from the Department of Family and Protective Services on the Fourth Amendment to the United States Constitution relative to entry into homes and removal of children.

**ANSWER:** Defendant took a course entitled "What Every Caseworker Needs to Know About the 4th Amendment" which was offered in the late 2008/early 2009 timeframe. A copy of the training is being produced at DFPS 2328 - 94.

**INTERROGATORY 10:** Describe the reasons for the removal of E.T.A. and K.T.A, including the following:
  a. the circumstances that led CPS agents or employees to believe an emergency situation existed.
  b. All details about the manner of making the removal.

**ANSWER:** Defendant objects that this request is overbroad as it impermissibly seeks to have Defendant exhaustively state its defenses in this case. This information is more appropriately sought through deposition rather than an interrogatory. Subject to the foregoing objections, and preserving the same, Defendant responds that the answer to this interrogatory may be determined by examining the business records of DFPS relating to the investigation of abuse and neglect, and subsequent removal and placement in foster care, of E.T.A. and K.T.A. Subject to these objections, and preserving the same, see documents related to the investigation at DFPS 1 - 162, 431 - 54 and 1907 - 1925. See also, 1888 - 1906.

**INTERROGATORY 11:** Describe each and every reason why you restricted Theresa Allen's access to E.T.A. and K.T.A. during the investigation and resulting Suit Affecting Parent Child Relationship lawsuit at issue in this case.

**ANSWER:** Other than staffing the case with Defendant Alpough and authorizing the removal of the children, Defendant did not restrict Theresa Allen's access to E.T.A. and K.T.A.

**INTERROGATORY 12:** Describe each and every action you took to identify relative placements for E.T.A. and K.T.A. after they were removed from Theresa Allen.