```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
THERESA ALLEN,              :
INDIVIDUALLY, E.T.A. by     :
and through Theresa         :
Allen, and K.T.A. by and    :
through Theresa Allen       :
                            :
      Plaintiffs            :
                            :
VS.                         : CIVIL ACTION NO. 4:11-CV-04170
                            :
TEXAS DEPARTMENT OF         :
FAMILY AND PROTECTIVE       :
SERVICES, HOWARD            :
BALDWIN, YOLANDA            :
ALPOUGH, ADRIAN HOMER,      :
STEPHANIE HAMMON, IVY       :
CHAMBERS, and UNKNOWN       :
COMMISSIONERS,              :
SUPERVISORS OR DIRECTORS    :
OF YOLANDA ALPOUGH,         :
ADRIAN HOMER AND            :
STEPHANIE HAMMON            :
                            :
      Defendants            :
```

****************************************
ORAL DEPOSITION OF
ADRIAN HOMER
FEBRUARY 21, 2013
VOLUME 1
****************************************

ORAL DEPOSITION OF ADRIAN HOMER, produced as a witness at the instance of the Plaintiffs, and duly sworn, was taken in the above-styled and numbered cause on the 21st of February, 2013, from 9:18 a.m. to 12:01 p.m., before Beth L. Sheen, CSR in and for the State of Texas, reported by machine shorthand, at the offices of Children's Advocacy Center, 2500 Bolsover, Houston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

```
 1                        A P P E A R A N C E S
 2
 3      FOR PLAINTIFF THERESA ALLEN:
 4           Mr. Chris Branson
             ATTORNEY AT LAW
 5           5380 West 34th Street, #221
             Houston, Texas 77092
 6
 7      FOR PLAINTIFF E.T.A:
 8           Mr. Steven Poock
             LAW OFFICE OF STEVEN D. POOCK
 9           1911 Redbud
             Sugar Land, Texas 77479
10
11      FOR PLAINTIFF K.T.A.:
12           Mr. Thomas C. Sanders
             TOM SANDERS, P.C.
13           P.O. Box 1860
             Sugar Land, Texas 77487
14
15      FOR THE DEFENDANTS:
16           Mr. Gunnar Seaquist
             Assistant Attorney General
17           General Litigation Division
             ATTORNEY GENERAL OF TEXAS
18           P.O. Box 12548
             Austin, Texas 78711-2548
19
20           Ms. Rosa L. Rohr
             Litigation Counsel
21           TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES
             Department Mail Code E-611
22           Austin, Texas 78714-9030
23
        ALSO PRESENT:
24
             Theresa Allen
25
```

1   (Discussion off the record.)
2       Q.   (BY MR. BRANSON) Okay. I'm sorry. Page 8,
3   Line 18, please. Would you review Line 18 through the
4   end of the page there.
5       A.   By Mr. McInnis: But to be clear, you did not
6   want the grandmother having any visits?
7            The answer is: That's correct.
8            The question: And your concern there
9   is -- there is that you're not looking for her for
10  placement. Are there any other --
11      Q.   Okay. I'm sorry. You can stop there. Do you
12  recognize this as direct examination by Mr. McInnis to
13  you?
14      A.   Yes.
15      Q.   Okay. All right. So you stated on the record
16  that you didn't want the grandmother having any visits?
17      A.   That's correct.
18      Q.   Okay. And why did you not want the
19  grandmother having any visits?
20      A.   The grandmother, per my supervisor's
21  directives, it was stating court order at that time that
22  the grandmother was not allowed to have any visits with
23  the children at that time. So that was the Agency's
24  position on why we didn't want the grandmother to have
25  any contact with the children.

1  that says there is no contact between the children, the
2  minors, and Theresa Allen?
3      A.   That, I'm not sure.
4      Q.   Have you ever seen such an order?
5      A.   No.
6      Q.   Okay. So that is Basis No. 1. And you've
7  never seen that order?
8      A.   Yes. I have never seen it.
9      Q.   Basis No. 2 is a psychological exam,
10 correct?
11     A.   Yes.
12     Q.   So even though it's best for the family to
13 stay together, you're recommending -- you've recommended
14 that Ms. Allen have no contact with the children based on
15 that psychological exam and that alone, assuming there is
16 no order, correct?
17     A.   Assuming if there is no order in place, then
18 I'm assuming that I don't know what my -- what my actual
19 supervisor would have done at that point. I'm not sure.
20     Q.   Okay. But my question is: If there really is
21 no order, then really the only basis for keeping Theresa
22 Allen away from her children is a psychological exam,
23 correct?
24          MR. SEAQUIST: Object to speculation.
25     Q.   (BY MR. POOCK) That's what you testified to,