IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THERESA ALLEN, INDIVIDUALLY, § | |
| AND AS NEXT FRIEND TO ELISHA TYRELL § | |
| ALLEN AND KATELYNN TYREAL ALLEN § | |
|     PLAINTIFFS, § | |
| § | |
| V. § | |
| § | CIVIL ACTION NO. 4:11-CV-04170 |
| YOLANDA ALPOUGH, ADRIAN HOMER, § | |
| STEPHANIE HAMMON, AND IVY CHAMBERS § | |
|     DEFENDANTS. § | |

___

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO LATE-FILE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY

___

TO THE HONORABLE VANESSA GILMORE, U.S. DISTRICT JUDGE:

NOW COME the Defendants, YOLANDA ALPOUGH, STEPHANIE HAMMON, IVY CHAMBERS, AND ADRIAN HOMER, and file this *Reply in Support of their Motion for Leave to Late-File Motion for Summary Judgment on the Basis of Qualified Immunity*, and would show the court:

### I.
### INTRODUCTION

Plaintiff Theresa Allen, individually and as next friend to E.T.A. and K.T.A., sued the Defendants pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution. The Court set the dispositive motion deadline for May 30, 2013. Due to technical equipment difficulties, Defendants were approximately three (3) hours late in filing their Motion for Summary Judgment on the Basis of Qualified Immunity. (Doc 47). Accordingly, Defendants prefaced the filing of their dispositive motion with their Motion for Leave to Late-File their summary judgment. (Doc. 46). Plaintiff has now objected to

Defendants' motion for leave, but fails to articulate any legitimate legal or factual basis why the Court should not grant Defendants' motion for leave. As such, Defendants have established good cause for the slight delay in the filing of their motion and respectfully request that the Court grant their motion for leave.

## II.
## REPLY

1.     In their Objections to Defendants' Motion for Leave to File Summary Judgment on the Basis of Qualified immunity, Plaintiffs fail to allege, let alone establish, any prejudice resulting from Defendants' filing their motion for summary judgment a mere three hours late. Indeed, Plaintiffs cannot, in good faith, assert any harm as a result of this brief and unintentional delay. *See e.g., The York Group, Inc. v. Horizon Casket Group*, No. H-06-0262, 2007 U.S. Dist. Lexis 50180 at *9-10 (S. D. Tex. July 11, 2007) (finding no valid reason for the court to reject a pleading filed shortly after the midnight deadline).

2.     Instead, Plaintiffs argue that this Court should not consider Defendants' summary judgment because it is the "equivalent" of Defendants' Motion to Dismiss in which qualified immunity was also asserted. (Doc. 50, pp. 1-2; *see also* Doc. 13). That argument not only misunderstands the legal distinctions between summary judgment and dismissal motions, generally, it also plainly misreads the dismissal motion that was filed in this case. As a threshold matter, it is beyond dispute that a motion for summary judgment under FRCP 56 and motion to dismiss for failure to state a claim under FRCP 12(b)(6) are not legally equivalent. It is black-letter law that a motion to dismiss for failure to state a claim under FRCP 12(b)(6) is to be evaluated only on the pleadings, while the Court looks beyond the pleadings and considers evidence to decide whether summary judgment should be granted. *Jackson v. Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (internal citations omitted); *compare* Fed. R. Civ. P. 12;

56).  Thus, the fact that a defendant may have unsuccessfully challenged the plaintiff's *pleading* of a particular claim through a motion to dismiss does not preclude that defendant from subsequently seeking summary judgment on the *merits* of the claim.

3.     Moreover, in this case, a review of the prior Motion to Dismiss unequivocally shows that motion addressed qualified immunity only as it related to Plaintiff's pleading of Count 1 of their Original Complaint, which was an unfounded allegation of "Unlawful Retaliation."  (Doc. 13, p. 9; *see also* Doc. 1, ¶ 66).  Indeed, the Court properly granted Defendants' motion to dismiss as to that claim.  (Doc. 18).  Notably, Defendants did note at that time that they were entitled to qualified immunity as to all of Plaintiff's claims, but indicated that those assertions would be made in a subsequent summary judgment. (Doc. 13, p. 9, n.3).   Defendants have now filed their summary judgment, and, contrary to Plaintiff's unsupported suggestion, the prior dismissal motion presents no legal impediment to the Court's acceptance and consideration of Defendants summary judgment motion.

4.     Equally unavailing is Plaintiff's argument that it was somehow incumbent upon Defendants to file their summary judgment motion prior to the dispositive deadline set by this Court.  Plaintiffs have offered no rule or authority for that proposition.  Moreover, Plaintiffs suggestion that Defendant unnecessarily delayed the filing of their motion misstates the procedural record in this case.  In fact, the parties jointly sought an extension of the discovery and dispositive motion deadlines in order to participate in mediation in the hopes of resolving this case without the further need for litigation.  (Doc. 27).  As recently as February 26, 2013, the Plaintiffs sought an additional extension of the dispositive motion deadlines to allow further opportunity to try to resolve this matter.  (Doc. 33).  It was in response to that motion that the Court set its May 30, 2013, dispositive motion deadline.  (Doc. 34).  Had Defendants filed a

motion for summary judgment at that time it would have been counterproductive to the ongoing efforts to settle this case.  Ultimately, when the parties were unable to reach a resolution of this matter, Defendants diligently sought to file their dispositive motion in accordance with the Court's current deadline.  (Doc. 34).  Thus, it is clear that Defendants attempted in good faith to comply with the dispositive motion timeframes set by the Court, which were extended by agreement of the parties to allow for settlement efforts.  The record establishes that Defendants did not unduly delay the filing of their motion and, indeed, would have been timely had it not been for the encountered technical difficulties, which caused the short, three-hour delay.

### III. CONCLUSION

Plaintiff's objections to *Defendants' Motion for Leave to Late-File Defendants' Motion For Summary Judgment on the Basis of Qualified Immunity* fail to establish any legal or equitable basis upon which the Court should deny Defendants' Motion for Leave.  Here the records show that Defendants diligently endeavored to meet the Court's dispositive deadlines and were only delayed by unforeseen difficulties.  Plaintiffs have shown no basis why this brief three hour filing difference constitutes any form of undue delay or presents even the remotest threat of harm or prejudice.  Indeed, they cannot make such a showing as the difference was entirely imperceptible to them.  By contrast, qualified immunity serves as an essential protection afforded to public servants so that they may do their job without fear of personal liability and harassing lawsuits against them.  *Elliott v. Perez*, 751 F.2d 1472, 1476-77 (5th Cir. 1985).  Defendants would be significantly prejudiced if the Court did not consider their qualified immunity motion.  As such, in the interests of justice, Defendants respectfully request that their motion for leave be granted, and the Court order the clerk to accept *Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity.*  (Doc. 47).

        Respectfully submitted,

        **GREG ABBOTT**
        Attorney General of Texas

        **DANIEL T. HODGE**
        First Assistant Attorney General

        **DAVID C. MATTAX**
        Deputy Attorney General for Defense Litigation

        **JAMES "BEAU" ECCLES**
        Chief, General Litigation Division

        /s/ Gunnar P. Seaquist
        Gunnar P. Seaquist
        *Assistant Attorney General*
        Texas Bar No. 24043358
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        Phone: (512) 475-4083
        Fax: (512) 320-0667
        *Attorneys for Defendant*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that, on June 11, 2013, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) with the Clerk of the Court of the U.S. District Court for the Southern District of Texas, and that counsel identified below would be advised of and given access to a copy of the filing.

    Ms. Sonya Wallace
    2626 South Loop West, Ste. 400
    Houston, TX 77054
    *Attorney for Plaintiff Theresa Allen,*
    *Individually and as next friend to E.T.A. and K.T.A.*

        /s/ Gunnar P. Seaquist
        Gunnar P. Seaquist
        Assistant Attorney General